**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

JANICE HENDERSON,

                Plaintiff,

    v.

JANJER ENTERPRISES, INC., *et al.*,

                Defendants.

Case No.: 1:21-cv-01408-TSE-TCB

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER THE ACTION

Defendants Janjer Enterprises, Inc. ("Janjer"), Kristin Lewis ("Ms. Lewis"), and Bill Chapman ("Mr. Chapman") (collectively herein referred to as "Defendants"), by and through their counsel, move pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Janice Henderson's ("Plaintiff") Amended Complaint in its entirety, with prejudice. In the alternative, Defendants request this Court transfer the action pursuant to 28 U.S.C. § 1404(a). Defendants submit this Memorandum of Law in support of their Motion.

## INTRODUCTION

This lawsuit is one of two suits Plaintiff filed *pro se*, on October 8, 2021, alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.,* concerning her employment with Janjer, a Maryland based restaurant franchisee which operates numerous Popeye's restaurant locations in Maryland and Northern Virginia. On October 8, 2021 Plaintiff commenced an action in the Circuit Court for Montgomery County, Maryland bringing a complaint for violations of Title VII in connection with her employment with Janjer. Then, at 4:15 p.m. that same day, October 8, 2021, Plaintiff filed the instant action in the Circuit Court for Fairfax

County, Virginia (hereinafter the "Instant Action") alleging violations of Title VII, among other causes of action, concerning her employment with Janjer.

Accordingly, because Plaintiff has brought nearly identical suits in Maryland and Virginia Courts against Janjer, Ms. Lewis, and Mr. Chapman, Defendants request this Court dismiss the Instant Action under the first-to-file rule. Plaintiff initiated the Maryland Action prior[1] to the Instant Action, warranting application of the first-to-file rule. Moreover, in the event this Court declines to apply the first-to-file rule, this Court should dismiss this matter based on Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff's Title VII claims are procedurally improper since they are untimely. Additionally, Ms. Lewis and Mr. Chapman fail to qualify as an "employer" under Title VII. Similarly, Plaintiff seeks to pursue claims outside of the scope of her Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") since she failed to name Janjer, Ms. Lewis, and Mr. Chapman as respondent parties in the Charge. Moreover, while it is unclear on the face of the Amended Complaint whether Plaintiff sets forth additional federal and state law claims, the allegations contained in the Amended Complaint are insufficient to support any cause of action under federal or state law.

Alternatively, in the event the Court declines to dismiss the Instant Action, Defendants request this Court transfer the Instant Action to the United States District Court for the District of Maryland, Southern Division which is the appropriate forum to adjudicate Plaintiff's claims.

---

[1] It is presumed that Plaintiff's Maryland Complaint was filed with the Circuit Court For Montgomery County, Maryland prior to 4:15 p.m. on October 8, 2021. The Circuit Court For Montgomery County, Maryland is open Monday-Friday from 8:30 a.m. to 4:30 p.m. *See* https://www.montgomerycountymd.gov/cct/

## FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2021, Plaintiff filed a charge of discrimination with the EEOC. ECF 1-8. The Charge alleges Plaintiff was discharged on September 23, 2020, and that Plaintiff "was discriminated against with respect to discharge on my race (Black), color, age, national origin, disability, and in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act of 1967, as amended; and the Americans with Disabilities Act of 1990 as amended by the Americans with Disabilities Amendments Act of 2008." ECF 1-8. That same day, August 10, 2021, the EEOC issued Plaintiff a right to sue letter. ECF 1-7.

## The Maryland Action

On October 8, 2021, Plaintiff filed suit in the Circuit Court For Montgomery County, Maryland, *pro se*, concerning her employment with Janjer (the "Maryland Complaint"). Exhibit 1, Circuit Court For Montgomery County, Maryland Complaint.[2] The suit names Janjer, Ms. Lewis, Mr. Chapman, Thi Lee, Nimisha, Andrew, Alyssa Sherman, and Popeye's as Defendants. Exhibit 2, Circuit Court For Montgomery County, Maryland Docket 487571V. In the Maryland Complaint, Plaintiff alleges that she "was terminated unjustly because I sustained an injury on the job while I was in training as an assistant manager." Ex. 1 at p. 1.[3] The Maryland Complaint further alleges Plaintiff "made complaints prior to this incident of harassment and intimidation by the

---

[2] Under Rule 201 of the Federal Rules of Evidence, a trial court may take judicial notice of facts on its own accord and must take judicial notice of facts "if a party requests it and the court is supplied with the necessary information." *Loftus v. F.D.I.C.*, 989 F. Supp. 2d 483, 489 (D.S.C. 2013).

[3] The Civil Information Sheet attached to the Maryland Complaint served on Defendants was not completed. Additionally, the Maryland Complaint does not contain a case caption. *See* Ex. 1.

3

training supervisor." *Id*. The Maryland Complaint also alleges that Plaintiff "contended at this point I had taken all the callous insults and harassment from the training manager Thi. So, I proceeded to make a formal complaint because I could not continue training under this kind of pressure and harassment." *Id*. at p. 2.

The Maryland Complaint then alleges Plaintiff "proceeded to make a formal complaint" to "Mrs. Alyssa" an employment recruiter who assisted in placing Plaintiff with Janjer and that Janjer's Human Resources Director Kristin Lewis and Area Manager Bill Chapman told Plaintiff "they had no other store location to transfer me [her] too." Ex. 1 at p. 2. The Maryland Complaint further alleges that Plaintiff's Manager Thi Lee "embarrass[ed] [her] me in front of the other trainees again and "as a result of an on-the-job injury where I was cut across my forehead with a box cutter. I was shocked and traumatized as I followed the supervisors for that day to Inova hospital where I was treated and released to go home." *Id*. at p. 3. The Maryland Complaint also alleges that Plaintiff felt she was subjected to "insult and harassment" when she "received a call from Mr. Bill, who is the area manager, [who] asked me to send a picture of the head wound to see how serious it was…even though I felt as if that was an insult and harassment to me." *Id*. at pp. 3-4. The Maryland Complaint then alleges "This continued even after I was out of the emergency room recovering from the suffering injury, harassment, and retaliation, I ask the Department of Equal opportunity Employment Commission to step in and give me justice in this case." *Id*. at p. 4.

**The Virginia Action**

On October 8, 2021 at 4:15 p.m. Plaintiff, *pro se*, initiated the Instant Suit in the Circuit Court For Fairfax County, Virginia.[4] ECF 1-6, Fairfax County, Virginia Circuit Court Complaint 2021-14009. On October 13, 2021, Plaintiff filed a Motion to Amend the Complaint, which the Fairfax County Circuit Court granted. On November 3, 2021, Plaintiff filed an amended Complaint naming Janjer, Ms. Lewis, Mr. Chapman, Thi Lee, Nimisha, Andrew, Alyssa Sherman, and Vincent Sciascia as Defendants. ECF 1-3. On November 29, 2021, Defendants Janjer, Ms. Lewis, and Mr. Chapman were served with the Amended Complaint and the Maryland Complaint.

The Amended Complaint alleges Defendants "subject[ed] [Plaintiff] to harassment in violation of Federal code 40.1-27.1. 40.1-27.3 40.1-28.1. Under federal code act Unlawful employment practice/8 U.S.C. 1324a(a)(1)(A) VII of the Civil Right Act of 1964." ECF 1-3 at pp. 2-6. Additionally, the Statement of Facts set forth in the Amended Complaint is nearly identical to the facts alleged in Maryland Complaint. *See* ECF 1-4 at pp. 2-5. Like the Maryland Complaint, the Amended Complaint alleges Plaintiff "contended at this point I had taken all the callous insults and harassment from the training manager Thi. So, I proceeded to make a formal complaint because I could not continue in the weeks to come training under this kind of pressure and harassment." ECF 1-4 at p. 3. The Amended Complaint then alleges Plaintiff "proceeded to make a formal complaint" to "Mrs. Alyssa" and that Ms. Lewis and Mr. Chapman told Plaintiff "they had no other store location to transfer me [her] too." *Id.* at p. 3. Like the Maryland Complaint, the Amended Complaint also alleges that Plaintiff's Manager Thi Lee "embarrass[ed] [her] me in front of the other trainees again" and "as a result of an on-the-job injury where I was cut across my

---

[4] Defendants removed the Instant Action to this Court on December 20, 2021. ECF-1.

forehead with a box cutter. I was shocked and traumatized as I followed the supervisors for that day to Inova hospital where I was treated and released to go home." ECF 1-4 at pp. 2, 4-5.

Similarly, the Amended Complaint also alleges that Plaintiff felt she was subjected to "insult and harassment" when she "received a call from Mr. Bill, who is the area manager, [who] asked me to send a picture of the head wound to see how serious it was…even though I felt as if that was an insult and harassment to me." *Id*. at p 5. The Amended Complaint then alleges "This continued even after I was out of the emergency room recovering from the suffering injury, harassment, and retaliation, I ask the Department of Equal opportunity Employment Commission to step in act and give me justice in this case." *Id*.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) further provides that a pleading setting forth a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff, legal conclusions are not entitled to a presumption of truth. *Id*. at 679. A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Mere "naked assertions of

6

wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, it is insufficient to give "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). The court need not accept as true "unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal citation and quotation marks omitted).

A complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true. . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Where a complaint cannot be cured through amendment, the matter should be dismissed with prejudice. *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009).

## ARGUMENT

## I.   THE FIRST-TO-FILE RULE WARRANTS DISMISSAL OF THE INSTANT ACTION.

The first-to-file rule provides that "when multiple suits are filed in different Federal courts upon the same factual issue, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.* (4th Cir. 1982). When a party has filed similar lawsuits in different federal courts, courts in the Fourth Circuit generally follow the first-to-file rule, prioritizing the first-filed suit. *See Learning Network, Inc. v. Discovery Commc'ns, In*c., 11 Fed. Appx. 297, 301 (4th Cir. 2001); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594–95 (4th Cir. 2004). "The decision to invoke the first-filed rule is an equitable determination," based on

doctrines of federal comity. *See Nutrition & Fitness, Inc. v. Blue Stuff, Inc*., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003). Specifically, the first-to-file rule states that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pa.,* 850 F.2d 969, 971 (3rd Cir. 1988). The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources. *Samsung Electronics Co., Ltd. v. Rambus, Inc.,* 386 F.Supp.2d 715, 724 (E.D. Va. 2005).

Courts have recognized three factors to be considered in determining whether to apply the first-to-file rule. *Id.* at 360. These factors include: "1) the chronology of the filings, 2) the similarity of the parties involved, and 3) the similarity of the issues at stake."  Moreover, due to its importance in ensuring judicial efficiency, consistency, and comity, courts have noted that the rule "should not be disregarded lightly." *Neuralstem, Inc. v. Stemcells, Inc.,* 573 F.Supp.2d 888, 900 (D.Md. 2008); *see also Rite Way Crack Repair, LLC v. Guardian Crack Repair, LLC,* WMN–09–1207, 2009 U.S. Dist. LEXIS 82574, at *11, 2009 WL 2923085 (D. Md. Sept. 10, 2009) (noting that the underlying principles of the first-to-file rule include the conservation of judicial resources and the parties' time and money, and to prevent the possibility of reaching conflicting results). Similarly, for the first-to-file rule to apply, courts need not find a precise overlap. A showing of substantial similarity will suffice. *See, e.g., Nutrition & Fitness, Inc.,* 264 F.Supp.2d at 360.

## A.  The Maryland Complaint Was Filed First.

Here, dismissal of the Instant Action is warranted under the first-to-file rule. Plaintiff first filed the Maryland Complaint on October 8, 2021 in the Circuit Court For Montgomery County, Maryland. Then Plaintiff filed the Instant Action later that day at 4:15 p.m. in the Circuit Court

For Fairfax County, Virginia.[5] Therefore, based on timing of the Maryland Complaint and the Instant Action, dismissal is warranted.

**B. The Parties and Issues in The Maryland Complaint and Instant Action are Substantially Similar.**

The Maryland Complaint and Instant Action involve similar parties. Specifically, the Maryland Complaint and the Instant Action each name Janjer, Ms. Lewis, Mr. Chapman, Thi Lee, Nimisha, Andrew, and Alyssa Sherman as Defendants. Additionally, the Maryland Complaint and Instant Action involve the same issues premised on a nearly identical set of facts. Both the Maryland Complaint and Instant Action allege what are presumed to be violations of Title VII. The Statement of Facts in the Maryland Complaint and Instant Action each allege that Plaintiff was "subjected to callous insults and harassment from the training manager Thi", that "Thi Lee "embarrass[ed] [her] me in front of the other trainees again", and that "as a result of an on-the-job injury where I [Plaintiff] was cut across my forehead with a box cutter", Plaintiff "was shocked and traumatized." ECF 1-4 at pp. 2, 4-5. Similarly, while it is unclear based on a reading of the Amended Complaint if Plaintiff has asserted state claims, to the extent she has, this reason alone fails to save her claims from the first-to-file-rule. Under the first-to-file rule, cases are parallel when "substantially the same parties litigate substantially the same issues in different forums" *New Beckley Mining Corp. v. International Union, UMWA,* 946 F.2d 1072, 1073 (4th Cir. 1991). Issues

---

[5] Defendants intend on removing the Maryland Complaint from the Circuit Court For Montgomery County, Maryland to the United States District For the District of Maryland, which is not a bar to application of the first-to-file rule. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.,* 910 F.3d 1118, 1125–26 (10th Cir. 2018) ("In applying the first-to-file rule…courts should focus on the date that the complaint was filed in state court. To do otherwise would reward gamesmanship.")

in the two actions need not be identical for purposes of the first-to-file rule but must only be substantially similar. *Gibbs v. Haynes Invs., LLC*, 368 F. Supp. 3d 901, 914 (E.D. Va. 2019).

Moreover, the interests of judicial economy and the avoidance of inconsistent results inherent in piecemeal litigation weigh heavily in dismissing the Instant Action under the first-to-file rule. As discussed above, the Maryland Complaint and Instant Action involve nearly identical Defendants and substantially similar overlapping claims and issues. To permit Plaintiff to litigate two separate cases against Janjer, Ms. Lewis, and Mr. Chapman pertaining to alleged violations of Title VII could result in conflicting rulings on nearly identical issues as both this Court and the Maryland Court would be required to adjudicate Plaintiff's claims. *Neuralstem, Inc.,* 573 F.Supp.2d at 900 (Due to its importance in ensuring judicial efficiency, consistency, and comity, the first-to-file "should not be disregarded lightly"). Further, as a matter of judicial efficiency, "one court should decide these issues." *Glob. Music Rts., LLC v. Radio Music License Comm., Inc.*, No. Cv. 16-09051-BRO (ASX), 2017 WL 3449606, at *7 (C.D. Cal. Apr. 7, 2017); *Samsung,* 386 F.Supp.2d at 724 (the policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources). Accordingly, because the Maryland Complaint was filed before the Instant Action and the two actions involve similar parties and similar issues, dismissal is proper under the first-to-file rule.

## II.   PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES UNDER TITLE VII.

Before a plaintiff can file a Title VII lawsuit, the plaintiff must first exhaust her administrative requirements by filing a charge of discrimination with the EEOC or equivalent state agency. *See* 42 U.S.C. § 2000e-5(b) & (f)(1) (2021). The Fourth Circuit has consistently held that exhaustion of a plaintiff's administrative remedy is "an integral part" of the enforcement scheme

10

of Title VII. *Sydnor v. Fairfax Cnty*, 681 F.3d 591, 593 (4th Cir. 2012); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Here, Plaintiff failed to exhaust her administrative remedies against Defendants Janjer, Ms. Lewis, and Mr. Chapman.

### A. Plaintiff's Title VII Claims Are Untimely.

The time to file a charge is 180 days from the date of the unlawful employment practice, but in jurisdictions where a state or local agency exists to enforce laws prohibiting employment discrimination, the time to file a charge is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1). Because the Virginia Council on Human Rights ("VCHR") is a state agency enforcing such laws, complainants in Virginia have 300 days from the date of the alleged discrimination to file a charge. *Tinsley v. First Union Nat. Bank*, 155 F.3d 435, 440 (4th Cir. 1998) (the appropriate limitations period for filing a charge with the EEOC of an employment practice proscribed by Virginia law is 300 days).[6]

Here, Plaintiff failed to file her Charge of Discrimination with the EEOC or VCHR within 300 days of her alleged termination. Specifically, Plaintiff's Charge alleges "on September 23, 2020, I was discharged." ECF 1-8. Additionally, Plaintiff's Charge is dated August 10, 2021. *Id.* 300 days after September 23, 2020, is July 20, 2021. Therefore, because Plaintiff failed to file her

---

[6] Defendants contend Maryland law is applicable. Because the Maryland Commission on Civil Rights is a state agency enforcing such laws, complainants in Maryland have 300 days from the date of the alleged discrimination to file a charge. *Tolliver v. Eleven Slade Apt. Corp.*, 2020 U.S. Dist. LEXIS 204660, at *4 (D. Md. Nov. 2, 2020).

Charge within 300 days of her alleged termination, her Title VII claims are time barred and thus subject to dismissal.

**B.  Ms. Lewis and Mr. Chapman Fail to Qualify as an Employer Under Title VII.**

The Fourth Circuit has analyzed the definition of "employer" and rejected the notion of individual liability under Title VII. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (concluding Title VII forecloses individual liability). In this matter, Plaintiff has asserted Title VII claims against Ms. Lewis and Mr. Chapman in their individual capacities. Since it is "well-established that no person can be liable for a Title VII violation in his or her individual capacity", Plaintiff's Title VII claims against Ms. Lewis and Mr. Chapman fail as a matter of law. *Starr v. Tiwari*, 2019 U.S. Dist. LEXIS 31123, at *10 (D. N.C. Feb. 27, 2019); *Blowe v. Bank of Am.*, 2008 U.S. Dist. LEXIS 139675, at *7 (E.D. Va. July 28, 2008) (Plaintiff's Title VII claims against Defendants in their individual capacities fail to state a claim upon which relief can be granted). Accordingly, Ms. Lewis and Mr. Chapman should be dismissed from the case.

**C.  Plaintiff Has Failed to Exhaust Her Administrative Remedies Pertaining to Defendants Janjer, Ms. Lewis, and Mr. Chapman.**

Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge. *See Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (a civil action under Title VII can only be brought "against the respondent named in the charge.") This naming requirement serves to put the named party on notice of a claim against it before a lawsuit is filed, thus permitting that party to resolve the claim by conciliation and voluntary compliance.  *See Mickel v. South Carolina State Emp't Serv.*, 377 F.2d 239, 242 (4th Cir.), *cert. denied*, 389 U.S. 877 (1967). A plaintiff fails to exhaust their administrative remedies if the EEOC charge references different actors "than the central factual allegations in his formal suit." *Chacko*

*v. Patuxent Inst*., 429 F.3d 505, 506 (4th Cir. 2005). Moreover, an EEOC charge must be filed against each employer to pursue a claim against that particular employer. *See Phillips v. Goodwill Indus*., No. GLR-14-3256, 2015 U.S. Dist. LEXIS 80136, at *2 (D. Md. June 19, 2015) (citing EEOC Compliance Manual, § 2-III(B)(1)(a)(iii)(b)).

Plaintiff's Charge of Discrimination fails to name Janjer, Ms. Lewis, and Mr. Chapman as respondent parties. ECF 1-8. Instead, the Charge only names Popeye's as a respondent party. *Id*. Accordingly, because the Charge does not name Janjer, Ms. Lewis and Mr. Chapman as respondent parties, Plaintiff has failed to exhaust her administrative remedies pertaining to her Title VII claims against these Defendants. Moreover, Plaintiff's allegations pertaining to Janjer, Ms. Lewis and Mr. Chapman are time barred under Title VII, thus preventing Plaintiff from amending her Charge to include these Defendants. The last alleged event in Charge occurred on September 23, 2020, and thus cannot be administratively exhausted within 300 days. ECF 1-8; 42 U.S.C. § 2000e-5(e)(1) (The time to file a charge is 180 days from the date of the unlawful employment practice, but in jurisdictions where a state or local agency exists to enforce laws prohibiting employment discrimination, the time to file a charge is extended to 300 days). As a result, any claims brought pursuant to Title VII against Janjer, Ms. Lewis and Mr. Chapman must be dismissed.

## III.   PLAINTIFF HAS FAILED TO STATE AN ACTIONABLE CLAIM UNDER TITLE VII.

The Amended Complaint alleges[7] Plaintiff was "subjected to Harassment and intimidating injury in violation of Title VII of the Civil Right Act of 1964." ECF 1-3 at pp. 2-6. A violation of

---

[7] To the extent the Court perceives Plaintiff's Amended Complaint as alleging violations of Title VII on any other basis, these claims fail as a matter of law. The Amended Complaint does not

Title VII occurs when an employee's "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Pryor v. United Air Lines, Inc.*, 791 F.3d 488, 496 (4th Cir. 2015) *quoting Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). However, "simple teasing," offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) *quoting Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Moreover, the "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a "general civility code." *Faragher*, 524 U.S. at 788. These standards, properly applied, "will filter out complaints attacking "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id. quoting Oncale*, 523 U.S. at 81.

Here, the Amended Complaint fails to allege any conduct that is "sufficiently severe or pervasive to alter the conditions" of the Plaintiff's employment. *Pryor*, 791 F.3d at 496. Instead the Complaint alleges that "Thi asks us some question about how many pieces of chicken you put in the box and how many biscuits as well as how do you make all the rice, I did not understand her question and she replies "you can't count" the other trainees Saw the humor in what she said" and that "she [Thi] began shouting at me as if I was her adolescent." ECF 1-4 at p. 2. Similarly, the Amended Complaint alleges that "she [Thi Lee] began to say "some of you do not know how to count and do math, you're not going to make it through you probably need to go back to elementary

---

allege that Plaintiff is a member of protected class or that Plaintiff engaged in any protected activity.

school and started laughing" although the Complaint does not allege that Thi Lee was referring to Plaintiff. *Id*. Thus, the Amended Complaint alleges nothing more "simple teasing," offhand comments, and isolated incidents" which fail to implicate a violation of Title VII. *See Oncale*, 523 U.S. at 81.

Similarly, the Amended Complaint fails to allege any conduct which could be perceived as objectively hostile or abusive. *Harris*, 510 U.S. at 17 (This standard requires an objectively hostile or abusive environment—one that a reasonable person would find hostile or abusive—as well as the victim's subjective perception that the environment is abusive). Specifically, the Amended Complaint alleges that she "felt [Plaintiff] as if that was an insult and harassment to me" when Mr. Chapman "asked me [her] to send him a picture of the head wound to see how serious it was…" ECF 1-4 at p. 5. This allegation, that Mr. Chapman asked for a picture of Plaintiff's injury cannot objectively be perceived as abusive or hostile to constitute a violation of Title VII. Further, none of the events alleged in the Amended Complaint, even if accepted as true, show a change in the terms and conditions of Plaintiff's employment. *Faragher,* 524 U.S. at 788. Thus, Plaintiff's disapproval of Thi Lee and Mr. Chapman's management alone is insufficient to meet this Court's standard for "severe or pervasive" conduct. *Pryor*, 791 F.3d at 496. Therefore, Plaintiff's Title VII claims fail as a matter of law.

## IV.   ANY ADDITIONAL CLAIMS BROUGHT BY PLAINTIFF UNDER THE "FEDERAL CODE" OR STATE LAW ARE INSUFFICIENTLY PLED.

Plaintiff's Amended Complaint alleges Plaintiff was "subjected to harassment and intimidating, as well as injury in violation of Federal code 40.1-27.1. 40.1-27.3 40.1-28.1. Under federal code act Unlawful employment practice 8.U.S.C 1324a(a)(1)(A) of the Civil Right Act of 1964." ECF 1-3 at pp. 1-6. While it is unclear based on the cited code sections if Plaintiff is alleging

15

a violation of the United States Code or the Code of Virginia, to the extent she is, these claims also fail as a matter of law.

### A. Plaintiff Has Failed to Identify a Cause of Action Under the "Federal Code."

The Amended Complaint's citation to "Federal code 40.1-27.1. 40.1-27.3 40.1-28.1" fails to identify any section of the United States Code. ECF 1-3 at pp. 1-6. While the Court is required to interpret the pleadings of pro se litigants liberally, it is not required to act as an advocate and is not required to construct arguments not raised by the pro se litigant. *Pro-Concepts, LLC v. Resh*, No. 2:12CV573, 2014 WL 549294, at *7 (E.D. Va. Feb. 11, 2014). Thus, Plaintiff has failed to state a claim upon which relief can be granted with respect to her claims under "Federal code 40.1-27.1. 40.1-27.3 40.1-28.1" based on her failure to identify any cause action or plead any additional facts allowing Defendants to ascertain the cause of action, the conducted alleged to have violated the particular statute, and entitlement to relief. *See Mamerto v. Deutsche Bank Nat. Tr. Co*., No. 08-CV-00589-H(JMA), 2009 WL 1582911, at *6 (S.D. Cal. June 4, 2009) (granting motion to dismiss Plaintiff's fourth amended complaint which contained references to various other California statutes and common law causes of action, but did not allege any facts specifically relating to these causes of action nor assert them as independent causes of action, thus failing to put Defendant on notice of what improper conduct it committed that violated California law).

### B. To the Extent Plaintiff Has Alleged a Violation of the Virginia Code, These Allegations Fail to State a Claim Upon Which Relief Can Be Granted.

As discussed above, it is unclear based on a reading of the Amended Complaint what specific conduct is alleged to have violated "Federal code 40.1-27.1. 40.1-27.3 40.1-28.1." ECF 1-3 at pp. 1-6. However, to the extent code sections "40.1-27.1. 40.1-27.3. 40.1-281" refer to the Code of Virginia, rather than the United States Code, any claims set forth under Virginia law also

16

fail. *Id*. In a nearly identical situation, this Court in *Taylor v. Wal-Mart Stores, Inc.,* declined to recognize a cause of action under Va. Code § 40.1–27.1:

> Mr. Taylor's Complaint summarily alleges a violation of Va.Code § 40.1–27.1, which addresses the computation of absences by an employer who has a policy of discharging employees who are absent from work for a specific number of days. Va.Code § 40.1–27.1 prohibits such an employer from discharging an employee for absences due to work related injuries under certain circumstances.

> No Virginia court has recognized a private right of action for a violation of this statute. Even if such a private right of action existed, Mr. Taylor has provided no evidence that Wal–Mart has a policy of terminating HVAC Technicians after a certain number of absences, that Wal–Mart incorrectly computed Mr. Taylor's absences due to injury, or that Wal–Mart terminated him due to excessive absenteeism. Therefore, Mr. Taylor fails to produce evidence sufficient to establish a *prima facie* violation of Va. Code § 40.1–27.1.

*Taylor*, 376 F. Supp. 2d 653, 662–63 (E.D. Va. Jul 11, 2005), *aff'd sub nom. Taylor v. Wal-Mart Stores,* 158 F. App'x 446 (4th Cir. 2005).

Moreover, even if this Court were to infer a private right of action under Va. Code § 40.1–27.1, the Amended Complaint fails to state a prime facie violation of Va. Code § 40.1–27.1. Nowhere in the Amended Complaint is it alleged that Defendants have a policy of terminating employees after a certain number of absences. Moreover, while the Charge alleges Plaintiff was terminated on September 23, 2020, the Amended Complaint does not allege that Plaintiff was terminated from her employment with Defendants. ECF 1-8. Similarly, Va. Code § 40.1-27.3 prohibits an employer from taking a retaliatory action against an employee who "in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official." However, nowhere in the Amended Complaint does Plaintiff allege that she engaged in any protected activity yet alone made a disclosure to a supervisor, governmental body, or law enforcement. Further even if Plaintiff did not engage in protected activity under Va. Code § 40.1-27.3, a cause of action alleging a violation of this section must be

17

brought in a "civil action in a court of competent jurisdiction within one year of the employer's prohibited retaliatory action." Va. Code § 40.1-27.3C. As discussed above, the Amended Complaint does not allege that Plaintiff was subjected to an adverse employment action. Additionally, the Charge alleges that Plaintiff was terminated on September 23, 2020, making Plaintiff's October 1, 2021, Complaint filed with the Fairfax County Circuit Court untimely. ECF 1-8.

Additionally, Plaintiff's citation to 40.1-28.1 fails to refer to any valid section of the Code of Virginia. To the extent Plaintiff is referring to Va. Code § 40.1-28.01 which prohibits requiring an employee from executing a confidentiality agreement for the purpose of concealing the details relating to a claim of sexual assault, this statue does not include a private right of action. Further, the Amended Complaint does not allege that Plaintiff was required to execute a confidentiality agreement. Therefore, to the extent the Amended Complaint alleges a violation of the Code of Virginia, these claims also fail as a matter of law.

### C.  8 U.S.C. 1324a(a)(1)(A) Fails to Provide Plaintiff With a Valid Cause of Action.

The Amended Complaint's citation to 8 U.S.C. 1324a(a)(1)(A) fails to identify a valid cause of action. The Immigration Reform and Control Act of 1986, 8 U.S.C. § 1324a prohibits employers from hiring, referring or recruiting unauthorized aliens in the United States. This statute does not provide a private cause of action nor is there any allegation in the Amended Complaint that Defendants employed an unauthorized alien. Therefore, to the extent Plaintiff has set forth a claim under 8 U.S.C. 1324a, this claim must be dismissed.

## V.  IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION.

As discussed above, the Amended Complaint should be dismissed under the first-to-file rule and pursuant to the Court's inherent powers. Moreover, the Amended Complaint should be dismissed based on the Amended Complaint's failure to state a claim upon which relief can be granted. However, should the Court decline to dismiss this matter, in the alternative, the Instant Action should be transferred to the U.S. District Court For the District of Maryland, Southern Division pursuant to 28 U.S.C. §1404(a). Under 28 U.S.C. § 1404(a) "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Plaintiff's Maryland Complaint currently pending with the Montgomery County Circuit Court warrants transfer of the Instant Action. *Chruby v. Glob. Tel\*Link Corp.*, 119 F. Supp. 3d 399, 402 (E.D. Va. 2015) (granting motion to transfer to avoid duplicative litigation, inconveniencing parties and witnesses, and to encourage consolidation and coordination with the related lawsuits already pending in the Western District of Arkansas); *Somerville v. Major Expl., Inc.*, 576 F. Supp. 902, 908 (S.D.N.Y. 1983) (The existence of a related action in the transferee district is a strong factor to be weighed in the interest of judicial economy). Plaintiff is a resident of Rockville, Maryland and Janjer is headquartered in Silver Spring, Maryland. Ex. 2. Janjer's management team, including Ms. Lewis and Mr. Chapman, among others, are based out of Janjer's Silver Spring, Maryland office. Ex. 2. Moreover, Defendants contend that Maryland law is applicable to Plaintiff's claims, making the Maryland Court the more appropriate forum. *Bd. of Tr.*

19

*v. Baylor Heating & Air Conditioning,* 702 F.Supp. 1253, 1260 (E.D. Va. 1988) ("the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment.")  Accordingly, in the interest of justice and for the convenience of the parties, this Court should transfer the Instant Action to the U.S. Court For The District of Maryland.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss be granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

Dated: this 27th day of December, 2021          Respectfully submitted,

*/s/ K. Maxwell Bernas*
K. Maxwell Bernas
VA Bar No. 90553
kmbernas@fordharrison.com
FORDHARRISON LLP
1300 19th Street, NW, Suite 420
Washington, DC 20036
Telephone: (202) 719-2000
Facsimile: (202) 719-2077

*Attorney for Defendants*
*Janjer Enterprises, Inc., Kristin Lewis,*
*And Bill Chapman*

20

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of December 2021, I caused the foregoing Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss The Amended Complaint Or in the Alternative to Transfer the Action to be electronically filed with the Court using the CM/ECF system and that I have caused a true and accurate copy of the foregoing to be served, via first-class United States mail, postage prepaid, on the following:

Janice K. Henderson
11205 Troy Road
Rockville, MD 20852
*Pro Se Plaintiff*

Thi Lee
6418 Springfield Plaza,
Springfield, VA 22150
*Defendant*

Nimisha
6418 Springfield Plaza
Springfield VA 22150
*Defendant*

Andrew
6418 Springfield Plaza
Springfield, VA 22150
*Defendant*

Alyssa Sherman
9624 Pennsylvania Avenue
Upper Marlboro, MD 20722
*Defendant*

Vincent Sciascia
PO Box 3205
Lakeland, FL 33802
*Defendant*

*/s/ K. Maxwell Bernas* _____
 K. Maxwell Bernas
 Virginia Bar No. 90553
21

WSACTIVELLP:12788973.3